**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

DONALD DOWD, *et al.*,

                     Plaintiffs,

v.

DIRECTV, LLC, *et al.*,

                     Defendants.

Case No.: 2:14-cv-14018-MAG-DRG

District Judge Mark A. Goldsmith
Magistrate Judge David R. Grand

**DEFENDANT DIRECTSAT USA, LLC'S REPLY TO PLAINTIFFS' RESPONSE TO ITS**
**MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

**FOX ROTHSCHILD LLP**

Colin D. Dougherty
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422-3001
Telephone:  (610) 397-6500
Facsimile:  (610) 397-0450
cdougherty@foxrothschild.com
Pennsylvania State Bar I.D. No. 88363

Eric E. Reed
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2741
ereed@foxrothschild.com

*Attorneys for Defendant DirectSat USA, LLC*

**TABLE OF CONTENTS**

I.    ARGUMENT............................................................ 1

       A.    Plaintiffs' Second Amended Complaint Must Be Dismissed
             Against DirectSat Because Plaintiffs Fail To Join A
             Necessary Party (Skylink) To This Litigation And Have Not
             Pled A Plausible Claim For Successor Liability. ............. 1

       B.    Plaintiffs Have Failed to Plead Sufficient Facts to
             Support any of their claims, and their entire SAC must be
             dismissed .................................................. 5

       C.    The Court Should Dismiss Plaintiffs' SAC Without Leave To
             Amend. ..................................................... 7

II.   REPLY CONCLUSION................................................... 7

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*De Ping Song v. 47 Old Country, Inc.*,
   975 F. Supp. 2d 288 (E.D.N.Y. 2013) *vacated sub nom.*, *De
   Ping Song v. Inhae Corp.*, 578 F. App'x 22 (2d Cir. 2014)............. 5

*Equal Employment Opportunity Comm'n v. MacMillan Bloedel
   Containers, Inc.*,
   503 F.2d 1086 (6th Cir. 1974)................................... 2, 3

*Foman v. Davis*,
   371 U.S. 178 (1962).............................................. 7

*Gamez v. Country Cottage Care & Rehab.*,
   377 F. Supp. 2d 1103 (D.N.M. 2005).............................. 2

*Hall v. DirectSat USA, LLC et al.*,
   1:14-cv-023355 (D.Md.)(Motz, J.)............................... 5, 6

*Howard Johnson Co. v. Hotel Employees*,
   417 U.S. 249 (1974)............................................. 4

*Musikiwamba v. ESSI, Inc.*,
   760 F.2d 740, 750 (7th Cir. 1985)........................... 2, 3, 4

*Nutt v. Kees*,
   53 F. Supp. 3d 1118, 1135 (E.D. Ark. 2014)..................... 2

*Paschal v. Child Dev., Inc.*,
   No. 4:12-CV-0184 KGB, 2014 WL 55179 (E.D. Ark. Jan. 7,
   2014) .......................................................... 2

*Preyer v. Gulf Tank & Fabricating Co.*,
   826 F. Supp. 1389 (N.D. Fla. 1993)............................. 2

*Rojas v. TK Commc'ns, Inc.*,
   87 F.3d 745 (5th Cir. 1996)..................................... 3

*Steinbach v. Hubbard*,
   51 F.3d 843 (9th Cir. 1995)..................................... 4

*Teed v. Thomas & Betts Power Sol'ns, LLC*,
   711 F.3d 763 (7th Cir. 2013)................................. 3, 5

*Thompson v. Bruister & Associates, Inc.*,
   No. 3:07-00412, 2013 WL 1099796 (M.D. Tenn. Mar. 15, 2013)........... 4

*Valdez v. Celerity Logistics, Inc.*,
   999 F. Supp. 2d 936 (N.D. Tex. 2014)........................ 2, 5

*Wheeler v. Snyder Buick, Inc.*,
   794 F.2d 1228 (7th Cir.1986)..................................... 2, 3

**Statutes**

FLSA .....................................................2, 3, 5, 6, 7

**Other Authorities**

Rule 12(b)(7) ..................................................... 5

Rule 19 .......................................................... 5

I.    **ARGUMENT**

A properly pled claim must set forth, on its face and in the factual allegations contained therein, a *plausible*—not merely possible—entitlement to relief.   It would be improper to permit that claim to proceed where the facts as alleged demonstrate that a claim is not plausible on the assumption that there could possibly be some eventuality ("on a more fully developed factual record") that may nevertheless save the claim.   In opposing DirectSat's Motion to Dismiss, Plaintiffs ignore the controlling case law in this Circuit and continue to improperly parrot bald assertions and conclusory statements in their pleading in a failed attempt to overcome the pleading standards set forth by the Supreme Court in *Iqbal* and *Twombly*, and the courts in the Sixth Circuit.

A.    **Plaintiffs' Second Amended Complaint Must Be Dismissed Against DirectSat Because Plaintiffs Fail To Join A Necessary Party (Skylink) To This Litigation And Have Not Pled A Plausible Claim For Successor Liability.**

With respect to Plaintiffs Larsch and Griffin,[1] Plaintiffs' opposition argues in vain, as well as in spite of their own complaint, that they have "adequately plead DirectSat's liability as successor to Skylink," given how their assertions are, at best, threadbare and generic labels that cannot support a finding of plausibility by this Court. Plaintiffs endeavor to "make-up" for what is lacking in the SAC by attempting to retroactively expand their claims and "plead" supplemental allegations in their opposition, which they cannot do.   This Court should

---

[1]     Plaintiffs' opposition incorrectly states that Plaintiffs Mattson and Waltanen are the "[t]wo Plaintiffs [who] worked directly as W-2 employees of Skylink …." *See*, D.E. 63 at 5, n. 3.  Plaintiffs clearly allege in their Second Amended Complaint that Mattson and Waltanen were each "treated as a W-2 employee of DirectSat" and allege that Plaintiffs Larsch and Griffin, who were both allegedly "treated as independent contractor[s]" of non-party entities, worked for Skylink in addition to the other named defendants. *See* D.E. 48 at ¶¶ 147, 195, 230, 236.

therefore disregard their argument altogether.

Moreover, Plaintiffs fail to cite to any Sixth Circuit decision applying successor liability specifically in FLSA cases because the Sixth Circuit has not directly decided the issue within the context of the FLSA. In the event this Court finds successor liability to be applicable to Plaintiffs' FLSA claims, Plaintiffs have still failed to *plausibly* state such a claim.  Successor liability—as Plaintiffs' point out—turns on "a multiplicity" of several relevant factors:

> 1) whether the successor company had notice of the charge, 2) the ability of the predecessor to provide relief, 3) whether there has been a substantial continuity of business operations, 4) whether the new employer uses the same plant, 5) whether he uses the same or substantially the same work force, 6) whether he uses the same or substantially the same supervisory personnel, 7) whether the same jobs exist under substantially the same working conditions, 8) whether he uses the same machinery, equipment and methods of production and 9) whether he produces the same product.

*Equal Employment Opportunity Comm'n v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974) (citations omitted).[2]  "Under this test, 'the first two factors are critical,' and '[t]he remaining seven simply provide a foundation for analyzing the larger question of whether there is a continuity in operations and the work force of the successor and predecessor.'"  *Valdez v. Celerity Logistics, Inc.*, 999 F. Supp. 2d

---

[2]     Various federal courts have held that the third factor ("continuity of business operations") is itself an "amalgamation" of factors four through nine as set forth in *MacMillian*.  *See*, *e.g.*, *Nutt v. Kees*, 53 F. Supp. 3d 1118, 1135 (E.D. Ark. 2014), *Paschal v. Child Dev., Inc.*, No. 4:12-CV-0184 KGB, 2014 WL 55179, at *6 (E.D. Ark. Jan. 7, 2014), and *Gamez v. Country Cottage Care & Rehab.*, 377 F. Supp. 2d 1103, 1117 (D.N.M. 2005) (all citing *Wheeler v. Snyder Buick, Inc.,* 794 F.2d 1228, 1236 n. 7 (7th Cir.1986), quoting *MacMillan*, 503 F.2d at 1094)*; see also Preyer v. Gulf Tank & Fabricating Co.*, 826 F. Supp. 1389, 1395-96 (N.D. Fla. 1993) *and Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 750 (7th Cir. 1985).

2

936, 942 (N.D. Tex. 2014) (quoting *Rojas v. TK Commc'ns, Inc.*, 87 F.3d 745, 750 (5th Cir. 1996).

Although the Seventh Circuit in *Teed v. Thomas & Betts Power Sol'ns, LLC,* 711 F.3d 763 (7th Cir. 2013) chose to apply the doctrine of successor liability to the FLSA, it did not conclude—contrary to Plaintiffs' suggestion—that successor liability is, by any means, automatic. Instead, *Teed* held that successor liability should *not* be imposed when "there are good reasons to withhold such liability." *Id*. at 766  (citing *Wheeler*, 794 F.2d at 1236 and *Musikiwamba*, 760 F.2d at 750-51 (both cases making reference to the nine-factor *MacMillan* test, *supra*).

In analyzing the allegations made in Plaintiffs' SAC against this nine-factor test, it is evident that those allegations are insufficiently pled under *Iqbal* and *Twombly* to *show* that Plaintiffs are entitled to relief under a theory of successor liability against DirectSat for their periods of employment with Skylink. With respect to first factor, Plaintiffs' SAC does not allege DirectSat had notice of "the charge" (or instant lawsuit), but rather that it "knew or should have known of *potential* liability for wage and hour violations," nevertheless failing to provide any factual detail about DirectSat's knowledge of same (actual, "potential," or otherwise). *See* SAC, at ¶ 63.

With respect to the second factor, the terms of the Asset Purchase Agreement providing that Skylink be paid "an aggregate purchase price of up to $23.5 million" is favorable to the position that successor liability against DirectSat be withheld. *See* D.E. 52, Ex. 10, UniTek 8-K Filing, at Item 1.01. Courts have noted that whether the predecessor could have provided relief *before* the asset sale is relevant. *See, e.g., Teed,* 711 F.3d at 765; *Musikiwamba v. ESSI, Inc.,* 760 F.2d 740, 750-51 (7th Cir.

1985).  They have reasoned that "[i]mposing liability on a successor when a predecessor could have provided no relief whatsoever is likely to severely inhibit the reorganization or transfer of assets of a failing business" and would essentially provide a windfall to plaintiffs. *Musikiwamba,* 760 F.2d at 751; *accord Steinbach v. Hubbard*, 51 F.3d 843, 847 (9th Cir. 1995) (noting that "the purpose of successorship liability is not to provide windfalls for employees").  Furthermore, Plaintiffs' reliance on *Thompson v. Bruister & Associates, Inc.*, No. 3:07-00412, 2013 WL 1099796 (M.D. Tenn. Mar. 15, 2013), is unavailing as the insolvent predecessor employer in that case was "unable to provide relief because [it] is now little more than a hollow shell."  *Id*. at *7.  Skylink, on the other hand, is an active company according to the Ohio Secretary of State.

Finally, with respect to continuity of business operations (*i.e.*, factors three through nine), Plaintiffs' SAC fails to allege with any particularity facts regarding continuity, merely setting forth bald allegations without any factual support that "personnel from Skylink Ltd. worked for DirectSat USA" and "[m]any of Skylink Ltd.'s employees were hired by DirectSat."  *See* D.E. 48, at ¶ 61.[3]  Plaintiffs' SAC fails to allege, with any particularity, facts regarding continuity.  *See Musikiwamba*, 760 F.2d 751 (holding that "enough continuity between the predecessor and successor must exist so that it can fairly be inferred that the successor and predecessor reasonably expected that the successor would be bound."  *Musikiwamba*, 760 F.2d 751 (*citing Howard Johnson Co. v. Hotel Employees*, 417 U.S. 249, 257 (1974)).  Even if it is assumed for the sake of argument only that these "continuity" factors have been

---

[3]   They also allege that "working conditions for installation technicians […] remained substantially the same" and "technicians, including Plaintiffs, had substantially the same job(s) after DirectSat acquired Skylink Ltd."  *See* D.E. 48, at ¶ 62.

sufficiently pled (which they have not), continuity alone does not warrant imposition of successor liability.[4]

Accordingly, Plaintiffs' SAC fails to sufficiently plead facts that would enable this Court to make a finding of plausibility in support of any claim that DirectSat be held responsible for Skylink's potential FLSA violations under successor liability.  As such, any FLSA claims of Plaintiffs Larsch and Griffin must be dismissed against DirectSat for any alleged employment period that pre-dates the Asset Purchase Agreement (September 14, 2012) because under Rule 12(b)(7) it is necessary for Skylink to be a party in order for these Plaintiffs' claims to be adjudicated.  These Plaintiffs' purported claims from pre-September 14, 2012 are wrongly asserted against DirectSat (rather than Skylink) and, pursuant to Rule 19, Skylink is "indispensable" as any judgment entered in their absence would be prejudicial and inadequate.

**B.    Plaintiffs Have Failed to Plead Sufficient Facts to Support any of their claims, and their entire SAC must be dismissed**

Other than the Skylink issues discussed above, Plaintiffs' SAC is nearly identical to the Consolidated Amended Complaint filed in *Hall v. DirectSat USA, LLC et al.*, 1:14-cv-023355 (D.Md.)(Motz, J.), a true and correct copy of which is attached hereto as Exhibit "A".  In that matter, both DirectSat and DIRECTV moved to dismiss the *Hall* complaint based upon similar grounds as the current pending Motions by both parties.

---

[4]    *See Valdez*, 999 F. Supp. 2d at 944 ("[C]ourts have not deemed substantial continuity to be the only relevant criterion for imposing successor liability. And they have particularly emphasized the importance of notice to the successor and of an overall view of the equities in the case" (citing *Teed*, 711 F.3d at 766-69; *see also De Ping Song v. 47 Old Country, Inc.*, 975 F. Supp. 2d 288, 297 (E.D.N.Y. 2013) *vacated sub nom.*, *De Ping Song v. Inhae Corp.*, 578 F. App'x 22 (2d Cir. 2014) ("[C]ontinuity [of business operations], standing alone, should not necessarily lead to imposition of successor liability.").

On June 30, 2015, the Court in *Hall* entered an order dismissing the plaintiffs' complaint in its entirety. *See*, Ex. "B," a true and correct copy of the *Hall* opinion attached hereto for the Court's convenience.  In that opinion, the Court dismissed all of Plaintiffs' claims against all parties – including FLSA and state law claims, whether alleged as direct violations or through "joint-employer" allegations.

In their Response, Plaintiffs suggest that the "opinions issued in *Arnold*, *Lang*, and ten (10) other district courts" all somehow addressed the issues currently pending before the Court "on nearly identical facts." *See* D.E. 63 at 24-25.  However, not only did the *Lang* ruling have nothing to do with the sufficiency of the individual claims of the Plaintiffs before this Court, but DirectSat was not a party to the *Lang* action and neither was it a party to *Arnold* or any of the "ten (10) other district court" cases Plaintiffs cite.  The only case involving DirectSat brought by Plaintiffs' counsel to review the sufficiency of the pleadings is the Hall Court and its opinion discussed above.  Similarly, this Court should also dismiss Plaintiff's complaint.

Furthermore, and as set forth more fully in DirectSat's underlying motion (*see* D.E. 52 at 14-15), the purported "common allegations" set forth in Plaintiffs' SAC, *see* D.E. 48, at p. 7 (which appears to introduce Paragraphs 34 through 98), do not allege plausible individual claims of joint employment.  Rather, the Complaint is filled with pages of generalities without any meaningful, specific allegations related to the claims of any particular Plaintiff.  Virtually all of the references Plaintiffs make in the SAC in "support" of their argument that they have *plausibly* established an employment relationship with DirectSat include these Paragraphs 34 through 98 (*see* D.E. 63 at 22-24), *i.e.*, there are no

6

individualized allegations with respect to these twenty-three (23) former satellite installation technicians.[5]   For all the foregoing reasons, and those previously set forth in DirectSat's moving papers, Plaintiffs' SAC must be dismissed as a result.

> **C.   The Court Should Dismiss Plaintiffs' SAC Without Leave To Amend.**

While the Court has broad discretion with respect to granting leave to amend, such leave is not automatic. *Foman v. Davis*, 371 U.S. 178, 182 (1962).   In fact, leave to amend may be denied for numerous reasons, including futility of amendment.   *Id*.   Plaintiffs are now on their third bite at the pleading apple in this civil action alone and are continuously unable to assert the minimal facts necessary to state a plausible claim for relief under the FLSA.   Plaintiffs' failure to allege even the minimal facts necessary to state a plausible claim is inexcusable and leave to amend should be denied.

## II.   REPLY CONCLUSION

For all the foregoing reasons, and those set forth in DirectSat's moving papers, DirectSat requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' Second Amended Complaint and dismiss Plaintiffs' claims in their entirety, with prejudice.

DATED:  July 6, 2015                         Respectfully submitted:

                                            **FOX ROTHSCHILD LLP**

                                            /s/ Colin D. Dougherty
                                            COLIN D. DOUGHERTY
                                            *Attorney for Defendant DirectSat*
                                            *USA, LLC*

**CERTIFICATE OF SERVICE**

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

STUEVE SIEGEL HANSON LLP
George A. Hanson
460 Nichols Road, Suite 200
Kansas City, MO 64112
hanson@stuevesiegel.com

Ryan D. O'Dell
550 West C. Street, Suite 1750
San Diego, CA 92101
odell@stuevesiegel.com

LAW FIRM OF ANDREW BILLER
Andrew Biller
420 Nichols Road, Suite 200
Kansas City, MO 64112
Brendan@donelonpc.com

*Attorneys for Plaintiffs*

DUANE MORRIS LLP
Michael Tiliakos
Natalie F. Hrubos
1540 Broadway
New York, NY 10036-4086
mtiliakos@duanemorris.com
nfhrubos@duanemorris.com

MILLER, CANFIELD, PADDOCK, &
STONE PLC
Brian Schwartz
M. Misbah Shahid
150 West Jefferson, Suite 2500
Detroit, MI 48226
schwartz@millercanfield.com
shahid@millercanfield.com

*Attorneys for Defendants DIRECTV
and Multiband Corporation*


By: /s/ Colin D. Dougherty
     Colin D. Dougherty

Dated:  July 6, 2015