# EXHIBIT B

# DSATs REPLY IN SUPPORT OF MOTION TO DISMISS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARLON HALL, ET AL. | * | |
| | * | |
| v. | * | Civil No. – JFM-14-2355 |
| | * | |
| DIRECTV, LLC, ET AL. | * | |
| | ****** | |
| JAY LEWIS, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-14-3261 |
| | * | |
| DIRECTV, LLC, ET AL. | * | |
| | ****** | |

## MEMORANDUM

These two consolidated actions are brought under the Fair Labor Standards Act and three Maryland statutes by seven former technicians who installed DIRECTV satellites for television service.[1] Plaintiffs apparently were either independent contractors with or employed by (the allegations in the Amended Complaint do not make the relationship clear) companies that were part of what is called the DIRECTV Provider Network. The defendants are DIRECTV, Inc. and DirectSat. Two of the plaintiffs, Jay Lewis and John Wood, allege that they were directly associated with DirectSat, which apparently was a company in the DIRECTV Provider Network. The other companies with which plaintiffs were associated are not named as defendants.[2] DIRECTV and DirectSat have moved to dismiss. The motion will be granted.

---

[1] Because this is not a collective action, it is not clear that seven plaintiffs should have been joined in the two actions. However, this issue has not been briefed, and because I am granting defendants' motion to dismiss on other grounds that have been briefed, I will not address the issue.

[2] There is a prior litigation history between the parties. In *Lang v. DIRECTV, Inc.*, Case No. 10-85 filed in the Eastern District of Louisiana, after the court denied a motion to dismiss filed by

I.

Plaintiffs allege that DIRECTV is their "joint employer" under the FLSA and related Maryland statutes. The grounds specified for this allegation are (1) DIRECTTV requires plaintiffs to hold themselves out as agents of DIRECTV; (2) it promulgates detailed instructions for how installations are to be completed; (3) it publishes training materials that technicians are required to review; (4) it requires technicians to pass prescreening and background checks and to obtain a certification from the Satellite Broadcasting and Communications Association ("SBCA") before the technician may be assigned DIRECTV work orders; (5) it uses requirements mandated by the SBCA who control the installation of its systems; (6) it utilizes quality control personnel to review technicians' work and imposes charge backs and /or roll backs based on the reviews; (7) it requires technicians who were classified as 1099 independent contractors by companies in its Provider Network to sign "Subcontractor Agreements;" (8) it established a "piece-rate system" through its Provider Agreements that compensated plaintiffs for certain enumerated tasks deemed "productive" by DIRECTV but not compensating plaintiffs for all necessary work they performed; (9) it subjected plaintiffs to "charge backs" constituting

---

DIRECTV, six plaintiffs in this consolidated action filed opt-in notices. Discovery revealed that damages would be difficult to calculate on common proof at trial, and the parties filed a Joint Motion to Decertify the *Lang* action. The claims of the opt-in plaintiffs were dismissed without prejudice. Thereafter, four of the plaintiffs in this consolidated action filed individual claims in the Central District of California. That action was eventually transferred to the District of Maryland, and is one of the consolidated actions to which defendants' motion to dismiss is presently directed. Two of the plaintiffs in this action filed a related case, *Acfalle v. DIRECTV*, Case No. 13-8108, in the Central District of California. The claims asserted by the plaintiffs were dismissed without prejudice. Likewise, one of the plaintiffs in the present action was a plaintiff in *Arnold v. DIRECTV*, Case No. 10-CV-0352 in the Eastern District of Missouri. His claim too was dismissed without prejudice. The two plaintiffs in the *Acfalle* action and the one plaintiff in the *Arnold* action subsequently refiled their claims in this court in one of the two consolidated actions. Finally, The Judicial Panel on Multidistrict Litigation denied a motion to coordinate and transfer plaintiffs' claims to a single district. The Panel denied that motion on February 6, 2015, thus making defendant's motion to dismiss ripe for consideration.

deductions from their pay if there were issues with an installation or questions from the customer; (10) it maintained a file for each technician who performed services for it; (11) it assigned each technician a scope of work described in a work order delivered to each technician via a centralized computer software system; (12) it used a data base to coordinate the assignment of particular work orders to the technicians using each technicians unique "Tech ID No.;" (13) it required technicians to check in by telephone with DIRECTV via its dispatching system upon arriving at the job site and when the installation was complete; and (14) it mandated that technicians wear a DIRECTV uniforms.

II.

The FLSA defines "employer" to include "any person acting directly or indirectly in the interest of an employer or in relation to an employer." 29 U.S.C. §203(d).

The first question that must be resolved is whether an individual worker is "an employee" under the FLSA. The Fourth Circuit has articulated six factors that are to be considered in resolving this issue: "(1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment and materials required for his task, or his employment of workers; (4) or that his service rendered requires a special service skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business." *Schultz v. Capitol Int'l Sec. Inc.*, 466 F.3d 298, 304-05 (4th Cir. 2006). After this question has been resolved, and it is determined that an individual worker is "an employee" under the FLSA, it must next be determined whether an entity other than the entity with which the individual worker had a direct relationship is a "joint employer" of that worker.

3

The two questions, although related, are distinct. The second question, whether an entity with whom an employee is not directly associated is a joint employer, is resolved by reference to a separate four-factor test: whether the alleged employer "(1) had the power to hire and fire the employee; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records." *See Skrzecz v. Gibson Island Corp.*, No. 13-1796, 2014 WL 3400614, at *7 (D. Md. July 11, 2014).

Here, plaintiffs have alleged facts sufficient to show that DIRECTV at least indirectly supervised their work and directly controlled their schedules. Given the business model that DIRECTV has adopted, this is not surprising. The goodwill of DIRECV depends upon the quality of work that technicians perform and their keeping of appointments with DIRECTV customers. Plaintiffs have not, however, alleged facts that would show that DIRECTV has the power to hire and fire technicians, determine their rate and method of payment or maintain their employment records. Although not specified in the amended complaint, it appears that these responsibilities were carried out of the companies in the DIRECTV Provider Network.

The ultimate test of employment is the hiring and firing of employees and the setting of their compensation amounts. Of course, if the entities that were part of the Network Provider System were undercapitalized and merely charades created by DIRECTV that followed every suggestion and payment decision made by DIRECTV, that would show, perhaps conclusively, DIRECTV's joint employer status. The responsibilities imposed by the FLSA cannot be avoided by an employer's abuse of corporate forms. However, the amended complaint here alleges nothing that implies that the companies in the DIRECTV Provider Network were undercapitalized or slavishly followed every suggestion made by DIRECTV in regard to the status and method of payment of the technicians with whom they had a relationship. Absent such

allegations, it cannot be inferred that DIRECTV was the joint employer of the plaintiffs. Rather, the allegations show only that DIRECTV adopted a reasonable business model that allowed for the decentralization of decision-making authority regarding the employment of technicians who install its equipment

III.

Plaintiffs' claims under the Maryland Wage and Hour Law and the Workplace Fraud law fail because the definition of "employer" is virtually the same under those statutes as under the FLSA. *See Skrzecz*, 2014 WL 34000614, at * 7; *Bouthner v. Cleveland Constr., Inc..* No. 11-244, 2011 WL 2976868, at * 7 (D. Md. July21, 2011. The definition of "employer" under the Maryland Wage Payment, and Collection is, if anything, narrower than the definition of "employer" under the FLSA, *see* Md. Code, Lab. & Empl. § 3-501, and plaintiffs' claims under that statute likewise also fail.

IV.

Lewis and Wood have failed to state any plausible claim DirectSat. It is not at all clear from their allegations when they allegedly worked for DirectSat. Thus, their claims may be time-barred. Moreover, the minimal facts they do plead indicate they were paid an amount greater than that required by the FLSA.

Date: 6/30/15

J. Frederick Motz
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARLON HALL, ET AL. | * | |
| | * | |
| v. | * | Civil No. – JFM-14-2355 |
| | * | |
| DIRECTV, LLC, ET AL. | * | |
| | ****** | |
| JAY LEWIS, ET AL. | * | |
| | * | |
| v. | * | Civil No. JFM-14-3261 |
| | * | |
| DIRECTV, LLC, ET AL. | * | |
| | ****** | |

## ORDER

For the reasons stated in the attached memorandum it is, this 30th day of June 2015

ORDERED

1. Defendant's motion to dismiss is granted; and

2. These actions are dismissed.

_____
J. Frederick Motz
United States District Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2015 JUN 30 AM 11:46
CLERK'S OFFICE
AT BALTIMORE
BY _____ DEPUTY