IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DONALD DOWD, *et al.*,

    Plaintiffs,

v.

DIRECTV, LLC, *et al.*,

    Defendants.

Case No.: 2:14-cv-14018-MAG-DRG

District Judge Mark A. Goldsmith
Magistrate Judge David R. Grand

**DEFENDANTS' RESPONSE IN OPPOSITION TO "PLAINTIFFS' CONDITIONAL MOTION TO SEEK LEAVE TO AMEND SHOULD COURT GRANT DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT"**

**FOX ROTHSCHILD LLP**

Colin D. Dougherty
10 Sentry Parkway, Suite 200, P.O. Box 3001
Blue Bell, PA 19422-3001
Telephone: (610) 397-6500
Facsimile: (610) 397-0450
cdougherty@foxrothschild.com
Pennsylvania State Bar I.D. No. 88363

Eric E. Reed
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
(215) 299-2741
ereed@foxrothschild.com

Attorneys for Defendant DirectSat USA, LLC

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
| CONCLUSION | 4 |

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Evans v. Pearson Enterprises, Inc.*,
    434 F.3d 839 (6th Cir. 2006) ...................................... 2, 3

*Glen Falls Ins. Co. v. Newton Lumber & Mfg. Co.*,
    388 F.2d 66 (10th Cir. 1967), *cert. denied*, 390 U.S. 905
    (1968) ............................................................. 2

*Judkins v. HSBS Mortgage Servs.*,
    No. 13-CV-12357, 2014 WL 1260136 (E.D. Mich. Mar. 26, 2014)
    (Rosen, J., *adopting report and recommendation of* Grand,
    M.J.) *aff'd sub nom. Judkins v. HSBC Mortgage Servs., Inc.*,
    586 F. App'x 216 (6th Cir. 2014) .................................. 2, 3

*Lilly v. United States Lines Co.*,
    42 F.Supp. 214 (S.D.N.Y. 1941) ...................................... 2

*Nation v. United States Government*,
    512 F. Supp. 121 (S.D. Ohio 1981) ................................... 2

*Schwab v. Nathan*,
    8 F.R.D. 227 (S.D.N.Y. 1948) ........................................ 2

*V.R. Entm't v. City of Ann Arbor*,
    No. 12-CV-10203, 2012 WL 3230418 (E.D. Mich. Aug. 6, 2012)
    (Borman, J.) ...................................................... 2, 3

*The Way Int'l v. Executive Risk Indem., Inc.*,
    No. 07-294, 2008 WL 906006 (S.D. Ohio Mar. 31, 2008) ................ 2

**Other Authorities**

3 Moore's Federal Practice, P 15.12 ..................................... 2

Fed.R.Civ.P. 7(b) ....................................................... 3

Fed.R.Civ.P. 7(b)(1) .................................................... 1

Fed.R.Civ.P. 15(a) ................................................... 1, 3

Local Rule 15.1 ...................................................... 2, 3

Defendant DirectSat USA, LLC ("DirectSat"), by and through its undersigned counsel, hereby submits this response in opposition to Plaintiffs' "Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint."

## INTRODUCTION

In yet another attempt to avoid the inevitable, Plaintiffs submit a Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint (the "Motion"). If the Court grants Plaintiffs' request, it would mark at least their ***fourth*** attempt to properly bring the same wage-and-hour claims by way of various different litigations stemming back to 2010. Setting the futility of any purported amendments aside, Plaintiffs' provisional and conditional request to bring such amendments lacks conformity with Sixth Circuit precedent and related authority from other courts in this District. As such, the pending Motion must be denied.

## ARGUMENT

Plaintiffs are correct: "[M]erely including a request for leave to amend within a responsive brief may not be sufficient to preserve the request." D.E. 64 at 1. But Plaintiffs' Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint is fatally flawed. Without a proposed "Third" Amended Complaint, Plaintiffs' provisional request to cure their obvious pleading deficiencies falls flat.

"Although the Civil Rules do not expressly deal with the manner of presentation of amendments to pleadings, there is substantial authority for the proposition that Civil Rules 7(b)(1) and 15(a) impliedly require submission of the proposed amended pleading with the motion to amend."

1

*Nation v. United States Government*, 512 F. Supp. 121, 124 (S.D. Ohio 1981) (citing *Glen Falls Ins. Co. v. Newton Lumber & Mfg. Co.*, 388 F.2d 66 (10th Cir. 1967), *cert. denied*, 390 U.S. 905 (1968); *Schwab v. Nathan*, 8 F.R.D. 227 (S.D.N.Y. 1948); *Lilly v. United States Lines Co.*, 42 F.Supp. 214 (S.D.N.Y. 1941); 3 Moore's Federal Practice, P 15.12.).

In fact, Local Rule 15.1 states that, "A party who moves to amend a pleading **shall** attach the proposed amended pleading to the motion." E.D. Mich. LR 15.1 (emphasis added). In keeping with this rule, other courts in this District routinely deny motions for leave to amend – and the Sixth Circuit has affirmed such denials – where the movant fails to include an accompanying proposed amended pleading. *See, e.g.*, *Evans v. Pearson Enterprises, Inc.*, 434 F.3d 839, 853 (6th Cir. 2006); *Judkins v. HSBS Mortgage Servs.*, No. 13-CV-12357, 2014 WL 1260136, at **9-10 (E.D. Mich. Mar. 26, 2014) (Rosen, J., *adopting report and recommendation of* Grand, M.J.) *aff'd sub nom. Judkins v. HSBC Mortgage Servs., Inc.*, 586 F. App'x 216 (6th Cir. 2014); *V.R. Entm't v. City of Ann Arbor*, No. 12-CV-10203, 2012 WL 3230418, at *3 (E.D. Mich. Aug. 6, 2012) (Borman, J.); *The Way Int'l v. Executive Risk Indem., Inc.*, No. 07-294, 2008 WL 906006, at *4 (S.D. Ohio Mar. 31, 2008); *Nation*, 512 F.Supp. at 124.

Nevertheless, Plaintiffs attempt to sidestep their pleading requirements by submitting their Motion without a proposed Third Amended Complaint or, for that matter, any hint as to what modifications would be made therein. *See generally* D.E. 64. Yet given their Motion's citation to *Evans*, Plaintiffs are surely aware of these mandatory prerequisites to their request. *See* D.E. 64 at 1. In *Evans*, the Sixth Circuit held that the "district court did not abuse its discretion by denying Evans' first request for leave to amend her complaint because she failed to state the

2

grounds for relief with particularity . . ." *Evans*, 434 F.3d at 853. In so affirming, the *Evans* court noted that "[r]equesting leave to amend under Fed.R.Civ.P. 15(a) is governed by Fed.R.Civ.P. 7(b), which requires that a motion 'shall state with particularity the grounds therefor.'" *Evans*, 434 F.3d at 853 (citation omitted). And, in applying this standard, the Sixth Circuit found that the plaintiff did not state the basis for her motion for leave with adequate particularity because she failed to provide sufficient "grounds or a proposed amended complaint to support her request." *Id.*

The Motion at bar proves no different: Plaintiffs include neither a proposed "Third" Amended Complaint nor any reference to any prospective amendments that will cure the deficiencies in the Second Amended Complaint. *See also Judkins*, 2014 WL 1260136, at **9-10 (noting plaintiffs' violation of E.D. Mich. LR 15.1 and denying their request for leave to amend for failure to state with particularity the grounds upon which it was made pursuant to Fed.R.Civ.P. 7(b)) *and V.R. Entm't*, 2012 WL 3230418, at *3 (denying plaintiffs' motion for leave to file an amended complaint for failure to state any additional facts they intended to allege as part of their amended complaint as well as their failure to attach a proposed amended complaint). In fact, in their response to DirectSat's Motion to Dismiss, Plaintiffs' argue they have properly pled all of their claims. As such, this Motion is a "catch all," if the Court disagrees with them.

Given this, denial of Plaintiffs' Motion and dismissal of this action is appropriate.

3

**CONCLUSION**

For all the foregoing reasons, Defendants request that this Honorable Court deny Plaintiffs' Conditional Motion to Seek Leave to Amend Should Court Grant Defendants' Motions to Dismiss Plaintiffs' Second Amended Complaint, with prejudice.

DATED: July 6, 2015                    Respectfully submitted:

**FOX ROTHSCHILD LLP**

/s/ Colin D. Dougherty
COLIN D. DOUGHERTY
*Attorney for Defendant*
*DirectSat USA, LLC*

**CERTIFICATE OF SERVICE**

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

| | |
|---|---|
| STUEVE SIEGEL HANSON LLP<br>George A. Hanson<br>460 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>hanson@stuevesiegel.com<br><br>Ryan D. O'Dell<br>550 West C. Street, Suite 1750<br>San Diego, CA 92101<br>odell@stuevesiegel.com<br><br>LAW FIRM OF ANDREW BILLER<br>Andrew Biller<br>420 Nichols Road, Suite 200<br>Kansas City, MO 64112<br>Brendan@donelonpc.com<br><br>*Attorneys for Plaintiffs* | DUANE MORRIS LLP<br>Michael Tiliakos<br>Natalie F. Hrubos<br>1540 Broadway<br>New York, NY 10036-4086<br>mtiliakos@duanemorris.com<br>nfhrubos@duanemorris.com<br><br>MILLER, CANFIELD, PADDOCK, &<br>STONE PLC<br>Brian Schwartz<br>M. Misbah Shahid<br>150 West Jefferson, Suite 2500<br>Detroit, MI 48226<br>schwartz@millercanfield.com<br>shahid@millercanfield.com<br><br>*Attorneys for Defendants DIRECTV and Multiband Corporation* |

By: /s/ Colin D. Dougherty
    Colin D. Dougherty

Dated: July 6, 2015